UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JASON ANTHONY W., et al., | |
| Petitioners, | Case No. 2:20-cv-3704 (BRM) |
| v. | **ORDER** |
| WILLIAM J. ANDERSON, et al., | |
| Respondents. | |

**THIS MATTER** is before the Court on Petitioners' Motion for Temporary Restraining Order and Immediate Release ("TRO"). (ECF No. 7.) Respondent filed Opposition to the Motion (ECF No. 16) and, on April 14, 2020, the Court held oral argument (ECF No. 17). For the reasons stated in the accompanying Opinion, and for good cause shown,

**IT IS** on this 17th day of April 2020,

**ORDERED** that Petitioners Guanglei J. and Isaias N.C.'s Motion for TRO (ECF No. 7) is **DENIED** without prejudice as moot because they have been released; and it is further

**ORDERED** that Petitioners' Jason Anthony W., Jiaqiang X., Tieku A., Nery A.C.M. and Nicolas M.M's Motion (ECF No. 7) is **GRANTED**; and it is further

**ORDERED** that Petitioners' Jason Anthony W., Jiaqiang X., Tieku A., Nery A.C.M. and Nicolas M.M are to be released subject to the following specific conditions; and it is further

**ORDERED** that ICE has 24-business hours to process this Court's order and release the Petitioners; and it is further

**ORDERED** that Petitioners submit to ATD electronic bracelet monitoring by ICE as well as telephonic monitoring as required by ICE; and it is further

**ORDERED** that Petitioners are restricted to home confinement, but may leave their home for activities such as obtaining food and other necessities; obtaining medical and mental health treatment; and to the extent that Petitioners are authorized to lawfully work in the United States, to perform such work if their employment is deemed essential under the appropriate order of the Governor of the state in which he/she resides; and it is further

**ORDERED** to the extent Petitioners have not already done so, prior to release, Petitioners must provide the names of all individuals present in the home where they will be confined; and it is further

**ORDERED** that Petitioners are ordered to comply with any court orders and to attend all court dates; and it is further

**ORDERED** that Petitioner Nery A.C.M. have no contact with the complainants and/or victims related to his prior criminal charges; and it is further

**ORDERED** that Petitioners comply with all other of ICE's standard conditions of release; and it is further

**ORDERED** that Petitioners comply with all national, state, local and CDC-issued guidelines regarding COVID-19; and it is further

**ORDERED** that the Court will hear argument by teleconference at a date to be set as to whether the TRO should be converted to a preliminary injunction; Counsel are ordered to meet an confer in good faith as to whether such argument is necessary. If Counsel cannot reach an accord, counsel shall submit a proposed briefing schedule as to the preliminary injunction hearing;[1] and it is further

---

[1] Respondents have requested that the Court state that this Order is no longer in effect when the Governor of New Jersey lifts the current stay-at-home order. The Court declines to do so, but

**ORDERED** that the Court will **RESERVE** decision regarding Petitioners Melvin A.A., Juan F.S.L. and Isaias R.A.'s Motion for TRO; within 3 days of the date of this Order, Petitioners shall file supplemental briefing, including if necessary an amended petition/motion, to address the changed circumstances of Petitioners' health conditions and medical care; within 3 days of Petitioners' submission, Respondent shall file a response; the Court will set this matter down for oral argument shortly thereafter, if necessary.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

nothing in this Order prevents the Respondents from seeking a modification if Respondents believe that changed circumstances require such a modification.

3