<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASON W., <br><br> Petitioner, <br><br> v. <br><br> WILLIAM J. ANDERSON, et al., <br><br> Respondent. | Case No. 2:20-cv-3704 (BRM) <br><br><br> **MEMORANDUM & ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

On April 17, 2020, following briefing from both parties and holding a telephone hearing, this Court issued the Temporary Restraining Order ("TRO") currently in effect in this matter. (*See* ECF No. 22.) Pending before the Court is Petitioner Jason. W's ("Petitioner") notice of Motion to Convert Temporary Restraining Order ("TRO") to a Preliminary Injunction. (ECF No. 38.) Respondents oppose the motion. (ECF No. 41.) After the Court issued its Order directing the release of Petitioner in this matter, the Third Circuit issued its opinion in *Hope v. Warden York County Prison*, 956 F.3d 156 (3d Cir. 2020) ("*Hope I*"), and held that two orders directing the release immigration detainees from detention due to the risks presented by the novel coronavirus disease 2019 ("COVID-19") were appealable preliminary injunctions rather than TROs, regardless of the district court's characterization of the orders as TROs. *See id.* at 161-62. In light of the holding in *Hope I*, the Court will also deem the TRO issued in this case to be a preliminary injunction. The Court will deny the motion to convert the TRO to a preliminary injunction (ECF No. 38) as moot and otherwise continue the terms of the Order currently in effect. (*See* ECF No. 22.)

The only remaining issue is whether the preliminary injunction should be extended. The parties shall confer and notify the Court within 30 days as to whether they agree to extend the preliminary injunction. To the extent the parties do not agree to extend the preliminary injunction, they should propose a new briefing schedule. The Court recognizes Respondents briefed *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020) (*Hope II*) in their Opposition to Conversion of TRO (*See* ECF N0. 41), however, any new briefing should include an analysis of *Hope II* from both parties, as well as updated declaration describing the current conditions at Essex County Correctional Facility ("ECCF"), specifically the number of COVID-19 cases, preventative measures currently being taken at EDC, and the status of Covid-19 vaccinations, as well as providing Petitioner's custody status and updated medical records, if any.

**IT IS** therefore on this 20th day of May 2021,

**ORDERED** that the Court deems its prior Order (ECF No. 22), to be a Preliminary Injunction in light of the Third Circuit's holding in *Hope I*; and it is further

**ORDERED** that the motion to convert the Temporary Restraining Order to a Preliminary Injunction (ECF No. 38) is denied as **MOOT** in light of the Court's determination; and it is further

**ORDERED** that the Court otherwise continues the terms of the Order currently in effect, (ECF No. 22); and it is further

**ORDERED** that the parties shall confer and notify the Court within 30 days as to whether they agree to extend the terms of the Order currently in effect; and it is further

**ORDERED** that to the extent the parties do not agree to extend the preliminary injunction beyond the 30-day period, they shall so notify the Court within that timeframe and propose a new briefing schedule in accordance with this Order.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
